Enrique Perez, Consumer Plaintiff
Bella T. Perez Consumer Plaintiff
3158 14th Street
San Pablo, California [94806]
510-375-0346

FILED
SEP 24 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE PEREZ,<br><br>BELLA PEREZ<br><br><br>Plaintiffs,<br><br>vs.<br><br><br>OCWEN LOAN SERVICING, LLC,<br><br><br>Defendant, | Case No: 2:15-CV-01708-MCE-DAD<br><br>**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICINGS' MOTION TO DISMISS PLAINTIFF'S VERRIFED COMPLAINT** |

**TO THE HONORABLE JUDGE OF THIS COURT;**

**COMES NOW** the PlaintiffS, Enrique Perez, Bella Perez, who hereby submits their Opposition to Defendant' OCWEN LOAN SERVICING, LLC  Motion to Dismiss and states as follows:

- 1 -
**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**

# I. STATEMENT OF FACTS

1. Defendant states that Plaintiff complaint should be dismissed because complaint consists of non conclussory allegations based on failure to plea essential facts. Plaintiff does not agree. Defendant is a debt collector. OCWEN LOAN SERVICING, LLC received an assignment or transfer of a mortgage, while the debt was in default, which clearly makes them a debt collector according to the Fair Debt Collection Practices Act U.S.C. Title 15 Section §1692(a)(4) "The term Creditor means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include **any person to the extent that he receives an assignment or transfer of a debt in default** solely for the purpose of facilitating collection of such debt for another. Defendant is also identified as a debt collector as indicated by their dunning notices sent to plaintiff, which states *"This is an attempt to collect a debt"*. OCWEN LOAN SERVICING, LLC is a debt collector not a creditor. Debt collector are not allowed to take property, they can sue for monetary fund's only.. *Additionally, according to U.S. District Court of Nevada, Mallory v. McCarthy & Holthus, LLP, the statement presented on documentation provided to plaintiff from defendant that says "This may be considered an attempt to collect a debt and any information obtained will be used for that purpose". The court ruled that sending foreclosure notices to delinquent borrowers constitutes debt collection activity subject to the federal fair debt collection practices act.*

2. Defendant states that Plaintiffs are claiming that the debt is invalid. Nowhere in the Plaintiffs complaint does it claim that the debt is invalid. What it does claim is that Defendant is a debt collector and has no right to threaten foreclosure.

3. Defendant states that Plaintiffs bring up the "failed holder of the note" theory.

**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**

Again, nowehere in the Complaint do the Plaintiffs bring up any such theory.

4. Defendant states the Complaint should be dismissed because Plaintiffs acknowledge the loan. Plaintiffs agree that there was a default on a loan, but go on to refer to U.S.C. Title 15, Section §1692a(4)" The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Debt collectors are not allowed to take property.

5. Plaintiff sent defendant a validation of debt, verification of debt request, which defendant NEVER responded properly. The only document plaintiff has seen by which defendant claims ownership of plaintiff property is an assignment made to defendant after the debt was in default, clearly making them a debt collector not a lender, and a copy of the original note. Per the terms of the original note, only the Creditor can foreclose. *Plaintiff is a consumer*. Defendant is a debt collector. Defendant has violated the FDCPA in their attempt to collect a debt, and defendant has damaged Plaintiff. Defendant is in violation of 15 USC§1692g since to this date have not properly responded to the validation of debt letter. Defendant has yet to prove that it is a creditor and has the right to threaten foreclosure.

6. Defendant states that the argument of improper assignment fails. Plaintiffs never claimed that the assignment was improper, only that it proves that they are a debt collector not a creditor and have no right to threaten foreclosure.

7. Defendant states that Plaintiff claims a faulty securitization of the debt. Plaintiffs never made this claim. What the Plaintiffs are stating in the Complaint is that according to law, the remic trust has 90 days to move notes into the trust and

**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**

take notes out of the trust. The assignment was made years after the remic trust was closed.. According to the purchase service agreement of this trust, once the trust is closed, there can be no more loans added or subtracted from the trust, no assignments, no more transfers period. According to 26 U.S.C. § 860D, a Remic Trust only has 90(ninety) days to move loans in and out of the trust: 26 U.S.C. REMIC defined(a) General rule For purposes of this title, the terms "real estate mortgage investment conduit" and "REMIC" mean any entity - (1) to which an election to be treated as a REMIC applies for the taxable year and all prior taxable years, (2) all of the interests in which are regular interests or residual interests, (3) which has 1 (and only 1) class of residual interests (and all distributions, if any, with respect to such interests are pro rata), (4) **as of the close of the 3rd month beginning after the startup day and at all times thereafter,** substantially all of the assets of which consist of qualified mortgages and permitted investments, (5) which has a taxable year which is a calendar year, and (6) with respect to which there are reasonable arrangements designed to ensure that - (A) residual interests in such entity are not held by disqualified organizations (as defined in section 860E(e)(5)), and (B) information necessary for the application of section 860E(e) will be made available by the entity. In the case of a qualified liquidation (as defined in section 860F(a)(4)(A), paragraph (4) shall not apply during the liquidation period (as defined in section 860F(a)(4)(B). (b) Election (1) In general An entity (otherwise meeting the requirements of subsection (a)) may elect to be treated as a REMIC for its 1st taxable year. Such an election shall be made on its return for such 1st taxable year. Except as provided in paragraph (2), such an election shall apply to the taxable year for which made and all subsequent taxable years. (2) Termination (A) In general If any entity ceases to be a REMIC at any time during the taxable year, such entity shall not be treated as a REMIC for such

- 4 -
**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**

taxable year or any succeeding taxable year. (B) Inadvertent terminations If - (i) an entity ceases to be a REMIC, (ii) the Secretary determines that such cessation was inadvertent, (iii) no later than a reasonable time after the discovery of the event resulting in such cessation, steps are taken so that such entity is once more a REMIC, and (iv) such entity, and each person holding an interest in such entity at any time during the period specified pursuant to this subsection, agrees to make such adjustments (consistent with the treatment of such entity as a REMIC or a C corporation) as may be required by the Secretary with respect to such period, then, notwithstanding such terminating event, such entity shall be treated as continuing to be a REMIC (or such cessation shall be disregarded for purposes of subparagraph (A) whichever the Secretary determines to be appropriate. No where in the PSA, or the above definition does it allow for the ongoing removal of assets after the closing of the Remic, such as occurred with Plaintiff property.

How can an assignment be valid if it was made years after the trust was closed? And how can anyone, attempt to collect on a debt that has already been sold to a Remic Trust? Once the loan is sold, the note holder is now the Remic Trust. The Defendant has no longer can claim that they can foreclose on Plaintiffs Property, or file documents threatening to foreclose on Plaintiffs Property, only the Remic Trust can. Plaintiff will bring up these inquiries during the discovery phase of this lawsuit.

## II. ARGUMENTS AND AUTHORITIES

"When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996): *Jones v. General*

- 5 -
PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT

*Elec. Co.,* 87 F.3d 209, 211 (7th Cir.1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

**A. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.**

5. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997): see also *Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. *Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.,* 74 F. 3d 30, 33-34 (2nd Cir. 1996).

**B. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER.**

6. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana,Inc.,* 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.,* is a

remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

## C. THE FDCPA BROADLEY PROHIBITS UNFAIR OR UNSCONSIONABLE COLLECTION METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY CONSUMER, AND ANY FALSE, DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION WITH THE COLLECTION OF A DEBT.

7. The Fair Debt Collection Practices Act. ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debt by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provided for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics both generally and in a specific list of disapproved practices.

8. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be

- 7 -
**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**

inadequate to protect consumers. 15 U.S.C. § 1692(b). It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

9. Accordingly, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Simply it was designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

10. Plaintiffs sent Defendant a request for validation of alleged debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See

*Pacific Concrete F.C.U. v. Kauanoe*, 62 Haw. 334, 614 P. 936 (1980), *GE Capital Hawaii, Inc. v. Yonenaka* 25 P. 3d 807, 96, Hawaii 32, (Hawaii App 2001), *Fooks v. Norwich Housing Authority* 28 Conn. L. Rptr. 371, (Conn. Super. 2000), *Town of Brookfield v. Candlewood Shores Estates, Inc.* 513 A. 2d 1218, 201 Conn. I (1986), and *Solon V. Godbole*, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N.E. 2d 1045 (3Dist. 1987). The Defendant never properly complied with Plaintiff's demands for validation of the alleged debt they were attempting to collect, yet continued their collection activities.

**A debt collector verifies a debt by providing information that is response to the consumer's request.** *See* H.R. Rep. No 31, 95th Cong., 1st Sess. 5 1977. At **NO** time did OCWEN LOAN SERVICING, LLC begin to attempt to properly validate the alleged debt as demanded by Plaintiff.

11. As previously mentioned, the FDCPA is a strict liability statute and "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages". The argument of OCWEN LOAN SERVICING, LLC had no duty to send a verification letter fails in light of the fact that did NOT provide validation of the alleged debt nor did the Defendant up until the time this action was filed.

12. Defendant violated 15 U.S.C. § 1692d and § 1692f. The fact that OCWEN LOAN SERVICING, LLC made a faulty presumption and violated 15 U.S.C. § 1692 does not excuse them from liability under a bona fide error defense as stated in Jerman v. Carlise, NcNellie, Rini, Dramer & Ulrich, L.P.A. 538 F.3d 469,471 (6th Cir. 2008).

13. The coercive nature of the actions of, and statements made to the Plaintiff

- 9 -
**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**

in multiple communications from OCWEN LOAN SERVICING, LLC leave little doubt that Plaintiff has been damaged with her having lost an immense amount of sleep and was and is currently being subjected to any manner of emotional trauma including, but not limited to, depression, anger, fatigue, anxiety, and emotional distress.

## IV. CONCLUSION

14. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies her burden of pleading under the "CRA", in addition to the FDCPA at this stage. See Ashcroft v. Iqbal, 129 S.Ct. at 1950. Plaintiff's claims should therefore survive dismissal.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order denying Defendant' Motion to Dismiss.

Dated: September 24, 2015

Respectfully Submitted,

_____
Enrique Perez, *Consumer Plaintiff*

_____
Bella Perez, Consumer Plaintiff

## CERTIFICATE OF SERVICE

I, certify that a copy of the PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, MOTION TO DISMISS PLAINTIFF COMPLAINT, will be served in compliance with the Local Rules of Court for the State of Nevada.

*Attorney for Defendant*

WRIGHT, FINLAY & ZAK
ROBIN WRIGHT
4665 MACARTHUR COURT #200
NEWPORT BEACH CA 92660

Date: 09-24-15



- 11 -
**PLAINTIFF OPPOSITION TO OCWEN LOAN SERVICING, LLC MOTION TO DISMISS PLAINTIFF COMPLAINT**