UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE PEREZ and BELLA PEREZ, | No. 2:15-cv-1708 MCE KJN PS (TEMP) |
| Plaintiffs, | |
| v. | ORDER |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | |

This matter came before the court on December 10, 2015, for hearing of defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Enrique Perez and Bella Perez appeared in person on their own behalf. Attorney Bradford Klein appeared telephonically on behalf of the defendant. After hearing oral argument, defendant's motion was taken under submission.

For the reasons stated below, defendant's motion to dismiss is granted but plaintiffs are granted leave to file an amended complaint.

BACKGROUND

Plaintiffs commenced this action on August 10, 2015, by filing a complaint and paying the required filing fee.[1] (Dkt. No. 1.) Plaintiffs' complaint alleges, generally, that the defendant

---

[1] Plaintiffs are proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, et seq., while attempting to collect a debt owed in connection with plaintiffs' mortgage. (Compl. (Dkt. No. 1) at 7-10.[2]) On September 14, 2015, defendant filed a motion to dismiss but improperly noticed the motion for hearing before the assigned District Judge. (Dkt. No. 4.)

On September 21, 2015, defendant filed the motion to dismiss currently pending before the court. (Dkt. No. 7.) Plaintiffs filed an opposition on September 24, 2015. (Dkt. No. 9.) Defendant filed a reply on October 20, 2015. (Dkt. No. 12.) On November 6, 2015, this matter was reassigned from the previously assigned Magistrate Judge to the undersigned. (Dkt. No. 14.)

## STANDARDS

I.   Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

---

[2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

"In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." Freeman v. ABC Legal Services Inc., 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011). Defendant's motion argues that "[p]laintiffs cannot, as a matter of law, allege that [d]efendant was acting as [a] debt collector[] engaged in the process of collecting [a] debt from [p]laintiffs." (Def.'s MTD (Dkt. No. 7) at 12.)

"The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned*." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (emphasis added). See also 15 U.S.C. § 1692a(6)(F) (term "debt collector" does include one attempting to collect "a debt which was not in default at the time it was obtained by such person"); Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-

1  03646 JSC, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013) ("A debt collector does not
2  include a loan servicer as long as the loan was not in default when it was assigned to the loan
3  servicer."). "'While the Ninth Circuit has not specifically addressed whether mortgagees and
4  their assignees are 'debt collectors' under the FDCPA, courts within this Circuit, including this
5  one, have recognized that a debt collector does not include the consumer's creditors, a mortgage
6  servicing company, or an assignee of a debt, as long as the debt was not in default at the time it
7  was assigned.'" Snell v. Deutsche Bank Nat. Trust Co., No. 2:13-cv-02178 MCE DAD, 2014
8  WL 325147, at *11 (E.D. Cal. Jan. 29, 2014) (quoting Brashers v. Bank of America Home Loans,
9  et al., No. CV 12-6760 FMO (JCGx), 2013 WL 5741832 at *4 (C.D. Cal. Oct. 22, 2013)).

10    As explained by the Sixth Circuit,

> For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred.

15  Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012). See also Justice v.
16  Ocwen Loan Servicing, LLC, No. 2:13-CV-00165, 2014 WL 526143, at *4 (S.D. Ohio Feb. 7,
17  2014) ("In other words, if Ocwen acquired the servicing for the Loans before they were in
18  default, then it is not a debt collector under the FDCPA. But if Ocwen acquired the servicing for
19  the Loans after they were in default, it is a debt collector under the FDCPA.").
20    Here, plaintiffs' complaint alleges that the "[d]efendant received an assignment of the
21  mortgage assigned to One West Bank after the debt was in default." (Compl. (Dkt. No. 1) at 4.)
22  In this regard, the allegations found in plaintiffs' complaint establish that the defendant was a
23  debt collector.
24    Defendant's motion to dismiss also argues that "even if [d]efendant was considered to be
25  a 'debt collector' under the Act, it was not engaged in the process of 'debt collection' . . . .
26  [because] the FDCPA does not apply to collection efforts related to mortgage loans." (Def.'s
27  MTD (Dkt. No. 7) at 12.) "Although the Ninth Circuit has not addressed the issue, most courts in
28  this circuit have found [that] foreclosing on a property pursuant to a deed of trust is not the

4

1  collection of a debt within the meaning of the FDCPA." Fazio v. Washington Mut. FA, No. 2:14-
2  cv-0538 GEB KJN PS, 2014 WL 2593752, at *7 (E.D. Cal. June 9, 2014).  See also Pratap v.
3  Wells Fargo Bank, N.A., 63 F.Supp.3d 1101, 1114 (N.D. Cal. 2014) ("overwhelming majority of
4  courts within the Ninth Circuit have concluded that nonjudicial foreclosures do not constitute debt
5  collection under the FDCPA.").

6  However, that is not to say that "*any* action related to a nonjudicial foreclosure cannot be
7  considered debt collection." Natividad, 2013 WL 2299601 at *8 (emphasis in original).  Actions
8  "beyond mere foreclosure proceedings," may be considered debt collection.  Harvey G. Ottovich
9  Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc., No. C 10-2842 WHA, 2010
10 WL 3769459, at *4 (N.D. Cal. Sept. 22, 2010) (denying motion to dismiss FDCPA claim where
11 defendants' "obfuscated the truth with regard to the loan amounts and payments").  See also
12 Lohse v. Nationstar Mortgage, Case No. 14-cv-0514 JCS, 2014 WL 5358966, at *8 (N.D. Cal.
13 Oct. 20, 2014) ("Plaintiffs' FDCPA claim against Nationstar is based on Nationstar's failure to
14 report to credit reporting agencies that Plaintiffs' debt was disputed after receiving what Plaintiffs
15 describe as a 'validation of debt' letter . . . . and there is no apparent connection between
16 Nationstar's communications with credit reporting agencies and the nonjudicial foreclosure
17 process").

18 Here, plaintiffs' complaint alleges as follows.  On December 17, 2013, plaintiffs received
19 a "dunning notice" from defendant.  (Compl. (Dkt. No. 1) at 2.)  On March 30, 2015 plaintiffs
20 "served upon Ocwen" a request for validation.  (Id. at 3)  On April 17, 2015, plaintiffs received a
21 letter from Ocwen stating that Ocwen was investigating plaintiffs' validation request.  (Id. at 4.)
22 Defendant "failed to provide one scintilla of proof of their alleged debt," and "continues to make
23 attempts at collection of the alleged debt through threats to sell [p]laintiffs['] [p]roperty."  (Id. at
24 7.)

25 In this regard, plaintiffs' complaint fails to provide any factual allegations explaining
26 precisely when or how defendant attempted collection of the alleged debt after receiving
27 plaintiffs' validation request.  Although the Federal Rules of Civil Procedure adopt a flexible
28 pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must

allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Therefore, defendant's motion to dismiss is granted.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiffs could amend their complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile.[3] Plaintiffs, therefore, are granted leave to file an amended complaint. Plaintiffs are cautioned, however, that if they elect to file an amended complaint "the tenet that a court must

---

[3] At the December 10, 2015 hearing, plaintiffs alluded to allegations that the defendant's efforts at collections included repeated phone calls, including calling plaintiff Bella Perez at her work. If plaintiffs wish to include those allegations, plaintiffs should do so, with specificity, in the amended complaint.

6

1  accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.
2  Threadbare recitals of the elements of a cause of action, supported by mere conclusory
3  statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the
4  complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts
5  must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680
6  (quoting Twombly, 550 U.S. at 557).

7      Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make
8  an amended complaint complete. Local Rule 220 requires that any amended complaint be
9  complete in itself without reference to prior pleadings. The amended complaint will supersede
10 the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any
11 amended complaint plaintiffs may elect to file, just as if it were the initial complaint filed in the
12 case, each defendant must be listed in the caption and identified in the body of the complaint, and
13 each claim and the involvement of each defendant must be sufficiently alleged. Any amended
14 complaint which plaintiffs may elect to file must also include concise but complete factual
15 allegations describing the conduct and events which underlie plaintiffs' claims.

16 <center>CONCLUSION</center>

17     Accordingly, IT IS ORDERED that:
18     1. Defendant's September 14, 2015 motion to dismiss (Dkt. No. 4), re-noticed on
19 September 21, 2015 (Dkt. No. 7) is granted;
20     2. Plaintiffs' August 10, 2015 complaint (Dkt. No. 1) is dismissed with leave to
21 amend;
22     3. Within twenty-eight days from the date of this order, an amended complaint
23 shall be filed that cures the defects noted in this order and complies with the Federal Rules of
24 Civil Procedure and the Local Rules of Practice.[4] The amended complaint must bear the case
25 number assigned to this action and must be titled "Amended Complaint."
26 /////

---

[4] Alternatively, if plaintiffs no longer wish to pursue this action they may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

      4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  December 18, 2015

_[signature: Kendall J. Newman]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perez1708.mtd.ord.docx