UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE PEREZ and BELLA PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | No.  2:15-cv-1708 MCE KJN PS (TEMP)<br><br><br><br>ORDER |

On December 21, 2015, the court issued an order granting defendant's motion to dismiss plaintiffs' complaint and granting plaintiffs leave to file an amended complaint.  (Dkt. No. 19.)  Plaintiffs filed an amended complaint on January 7, 2016.  (Dkt. No. 20.)  Defendant filed a motion to dismiss plaintiff's amended complaint on January 25, 2016, and set the matter for hearing before the undersigned on March 10, 2016.  (Dkt. No. 21.)  Plaintiffs have not filed a statement of opposition or non-opposition to defendant's motion to dismiss.

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local

1

1  Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions.  Local
2  Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by
3  the Court of any and all sanctions authorized by statute or Rule or within the inherent power of
4  the Court."  See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a
5  district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the
6  rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh,
7  814 F.2d 565, 567 (9th Cir. 1987).
8       Moreover, on February 11, 2016 plaintiffs filed a proposed second amended complaint.
9  (Dkt. No. 26.)  However, under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff may
10  amend his complaint once as a matter of course only within twenty-one days after serving it or
11  twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b),
12  whichever is earlier.  See Fed. R. Civ. P. 15.  In all other cases, a plaintiff may amend his
13  complaint only with the defendant's written consent or the court's leave.  Id.  Here, the twenty-
14  one day period has long since passed and plaintiffs have not obtained defendant's written consent
15  or sought leave from the court.
16       Accordingly, good cause appearing, it is hereby ORDERED that:
17       1. The hearing on defendant's motion to dismiss (Dkt. No. 21) is continued to April 28,
18  2016;
19       2. Plaintiffs shall show cause, in writing, within fourteen days of the date of this order as
20  to why sanctions should not be imposed for the failure to timely file an opposition or a statement
21  of non-opposition to the pending motion;
22       3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition
23  thereto, on or before April 14, 2016;
24       4. Failure of to file an opposition to the motion will be deemed a statement of non-
25  opposition thereto, and may result in a recommendation that this this action be dismissed for lack
26  of prosecution and/or for failure to comply with court orders and this court's Local Rules.  See
27  Fed. R. Civ. P. 41(b);
28  /////

5. Defendant may file a reply to plaintiffs' opposition, if any, on or before April 21, 2016;

6. If plaintiffs wish to proceed on the proposed second amended complaint, plaintiff shall file a motion seeking leave from the court, or notice of the defendant's consent, within fourteen days of the date of this order.

Dated:  March 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perez1708.osc.docx

3