UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE PEREZ and BELLA PEREZ,<br><br>    Plaintiffs,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | No.  2:15-cv-1708 MCE KJN PS (TEMP)<br><br><br><br>ORDER |

    On April 25, 2016, the court took under submission defendant's motion to dismiss plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 32.)  Having considered the parties' arguments, for the reasons stated below, defendant's motion to dismiss is granted and plaintiffs are granted leave to file a second amended complaint.

BACKGROUND

    Plaintiffs commenced this action on August 10, 2015, by filing a complaint and paying the required filing fee.[1]  (Dkt. No. 1.)  On December 21, 2015, the undersigned granted defendant's motion to dismiss plaintiffs' original complaint and granted plaintiffs leave to file an amended complaint.  (Dkt. No. 19.)  On January 7, 2016, plaintiffs' filed an amended complaint.  (Dkt. No.

---

[1] Plaintiffs are proceeding pro se in this action.  Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

20.)  Plaintiffs' amended complaint alleges causes of action for violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227.[2]  (Am. Compl. (Dkt. No. 20) at 7-10.[3])  On January 25, 2016, defendant filed the pending motion to dismiss and noticed the matter for hearing on March 10, 2016.  (Dkt. No. 21.)

On March 4, 2016, however, the undersigned continued the hearing of defendant's motion to April 28, 2016, after plaintiffs failed to file an opposition or statement of non-opposition, and ordered plaintiff to file such on or before April 14, 2016.  (Dkt. No. 28.)  On March 8, 2016, plaintiffs filed an opposition.  (Dkt. No. 30.)  Defendant filed a reply on April 21, 2016.  On April 25, 2016, defendant's motion was taken under submission.  (Dkt. No. 32.)  On April 26, 2016, plaintiffs filed an unauthorized sur-reply styled as an opposition.[4]  (Dkt. No. 33.)

////

////

---

[2] Defendant's motion notes that plaintiffs' amended complaint contains allegations challenging defendant's authority to foreclose based on improper assignment, improper securitization and "holder of the note" theory.  (Def.'s MTD (Dkt. No. 21) at 12.  However, plaintiffs have not—nor does it appear that they could—allege any cause of action in connection with those allegations in their amended complaint.  See McIntyre v. Alternative Loan Trust 2006-OC10, No. 2:13-cv-1597 TLN EFB PS, 2014 WL 3058380, at *4 (E.D. Cal. July 3, 2014) ("California courts find a lack of prejudice when a borrower is in default and cannot show that the allegedly improper assignment interfered with the borrower's ability to pay or that the original lender would not have foreclosed under the circumstances."); Kramer v. Bank of America, N.A., No. 1:13-cv-1499 AWI MJS, 2014 WL 1577671, at *4 (E.D. Cal. Apr. 17, 2014) ("It is well settled that mortgagees who are not parties to a PSA lack standing to allege violations of a PSA or to otherwise bring claims on the basis that a PSA was violated."); Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1156 (2011) ("California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure").

[3] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See FED. R. CIV. P. 12; Local Rule 230.  Nonetheless, in light of plaintiffs' pro se status, the undersigned has reviewed the sur-reply and considered it in evaluating defendant's motion.  Moreover, plaintiffs are cautioned that the court anticipates that future filings will be timely and in compliance with the Local Rules.

STANDARDS

I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

////

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I.     FDCPA

"In order to state a claim under the FDCPA, a plaintiff must show:  1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." Freeman v. ABC Legal Services Inc., 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011).  As was true of defendant's prior motion to dismiss, defendant's motion to dismiss plaintiffs' amended complaint argues that "[p]laintiffs cannot, as a matter of law, allege that [d]efendant was acting as [a] debt collector[] engaged in the process of collecting [a] debt from [p]laintiffs."  (Def.'s MTD (Dkt. No. 21) at 19.)

As the court previously explained, "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned*." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (emphasis added); see also 15 U.S.C. § 1692a(6)(F) (term "debt collector" does include one attempting to collect "a debt which was not in default at the time it was obtained by such person").

"'While the Ninth Circuit has not specifically addressed whether mortgagees and their assignees are 'debt collectors' under the FDCPA, [in a published decision], courts within this Circuit, including this one, have recognized that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" Snell v. Deutsche Bank Nat. Trust Co., No. 2:13-cv-02178 MCE DAD, 2014 WL 325147, at *11 (E.D. Cal. Jan. 29, 2014) (quoting Brashers v. Bank of America Home Loans, et al., No. CV 12-6760 FMO (JCGx), 2013 WL 5741832 at *4 (C.D. Cal.

4

Oct. 22, 2013); see also Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-03646 JSC, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013) ("A debt collector does not include a loan servicer as long as the loan was not in default when it was assigned to the loan servicer."); cf Obeng-Amponsah v. Chase Home Finance, LLC, 624 Fed. Appx. 459, 462 (9th Cir. 2015) ("The district court did not err in dismissing Obeng's FDCPA claims as Obeng alleged that Chase assumed servicing responsibilities to Obeng's loan prior to any default."); Christie v. Bank of New York Mellon, N.A., 617 Fed. Appx. 680, 683 (9th Cir. 2015) ("In addition, the defendants named on this claim do not qualify as 'debt collectors' within the meaning of the FDCPA because they became involved with Christie's debt before it was in default.").

As explained by the Sixth Circuit,

> For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred.

Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012); see also Fenello v. Bank of America, NA, 577 Fed. Appx. 899, 902 (11th Cir. 2014) ("the district court correctly concluded that Bank of America was not a 'debt collector' for purposes of § 1692g(b) because its debt collection activities involved a debt that was not in default at the time Bank of America became the servicer"); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) ("In other words, the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not.")

Here, plaintiffs' amended complaint alleges that the "[d]efendant received an assignment of the mortgage after the debt was in default." (Am. Compl. (Dkt. No. 20) at 4.) In this regard, accepting as true the allegations found in plaintiffs' amended complaint, those allegations establish that the defendant was a debt collector.

Likewise, as was true of defendant's prior motion to dismiss, defendant's motion to dismiss plaintiffs' amended complaint also argues that "even if [d]efendant was considered to be a 'debt collector' under the Act, it was not engaged in the process of 'debt collection' . . . .

5

1  [because] the FDCPA does not apply to collection efforts related to mortgage loans." (Def.'s

2  MTD (Dkt. No. 21) at 19-20.)  "'Although the Ninth Circuit has not addressed the issue, most

3  courts in this circuit have found that foreclosing on a property pursuant to a deed of trust is not

4  the collection of a debt within the meaning of the FDCPA.'"  Fazio v. Washington Mut. FA, No.

5  2:14-cv-0538 GEB KJN PS, 2014 WL 2593752, at *7 (E.D. Cal. June 9, 2014) (quoting Lanini v.

6  JPMorgan Chase Bank, No. 2:13-CV-0027 KJM EFB, 2014 WL 1347365, at *11 (E.D. Cal. Apr.

7  4, 2014); see also Pratap v. Wells Fargo Bank, N.A., 63 F.Supp.3d 1101, 1114 (N.D. Cal. 2014)

8  ("overwhelming majority of courts within the Ninth Circuit have concluded that nonjudicial

9  foreclosures do not constitute debt collection under the FDCPA.").  But see Kaymark v. Bank of

10 America, N.A., 783 F.3d 168, 179 (3rd Cir. 2015) ("Nowhere does the FDCPA exclude

11 foreclosure actions from its reach."); Glazer v. Chase Home Finance LLC, 704 F.3d 453, 461 (6th

12 Cir. 2013) ("mortgage foreclosure is debt collection under the FDCPA"); Wilson v. Draper &

13 Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006) ("We see no reason to make an exception

14 to the Act when the debt collector uses foreclosure instead of other methods.").

15         However, that is not to say that "*any* action related to a nonjudicial foreclosure cannot be

16 considered debt collection."  Natividad, 2013 WL 2299601 at *8 (emphasis in original).  Actions

17 "beyond mere foreclosure proceedings," may be considered debt collection.  Harvey G. Ottovich

18 Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc., No. C 10-2842 WHA, 2010

19 WL 3769459, at *4 (N.D. Cal. Sept. 22, 2010) (denying motion to dismiss FDCPA claim where

20 defendants' "obfuscated the truth with regard to the loan amounts and payments"); see also

21 Castellanos v. Countrywide Bank NA, Case No. 15-cv-0896-BLF, 2015 WL 3988862, at *3

22 (N.D. Cal. June 6, 2015) ("Because Plaintiff could allege a violation of the FDCPA or RFDCPA

23 based on harassing conduct and the furnishing of deceptive documentation if she supports those

24 claims with sufficient factual allegations, the Court will grant Plaintiff leave to amend."); Lohse

25 v. Nationstar Mortgage, Case No. 14-cv-0514 JCS, 2014 WL 5358966, at *8 (N.D. Cal. Oct. 20,

26 2014) ("Plaintiffs' FDCPA claim against Nationstar is based on Nationstar's failure to report to

27 credit reporting agencies that Plaintiffs' debt was disputed after receiving what Plaintiffs describe

28 as a 'validation of debt' letter . . . . and there is no apparent connection between Nationstar's

communications with credit reporting agencies and the nonjudicial foreclosure process"); Hafiz v. Nationstar Mortgage, Case No. 13-cv-5971-JCS, 2014 WL 786279, at *2 (N.D. Cal. Feb. 20, 2014) ("the Court adopts Natividad's holding that 'legally-mandated actions required for mortgage foreclosure are not necessarily debt collection,' and that a plaintiff alleging a proper FDCPA claim must allege that the defendant 'engaged in an[ ] action beyond statutorily mandated actions for nonjudicial foreclosure'").

Here, plaintiffs' amended complaint alleges as follows. On December 17, 2013, plaintiffs received a "dunning notice" from defendant. (Am. Compl. (Dkt. No. 20) at 2.) On March 30, 2015 plaintiffs "served upon Ocwen" a request for validation. (Id. at 3) On April 17, 2015, plaintiffs received a letter from Ocwen stating that Ocwen was investigating plaintiffs' validation request. (Id. at 4.) Defendant "failed to provide one scintilla of proof of their alleged debt," and "continues to make attempts at collection of the alleged debt through threats to sell [p]laintiffs['] [p]roperty." (Id. at 7.) In this regard, defendant called plaintiffs "on numerous occasions . . . ." (Id. at 8.)

Title 15 U.S.C. § 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Moreover, 15 U.S.C. § 1692d(5) prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." However, "[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Joseph v. J.J. Mac Intyre Companies, L.L.C., 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002). Compare Rucker v. Nationwide Credit, Inc., No. 2:09-cv-2420-GEB EFB, 2011 WL 25300, at *2 (E.D. Cal. Jan. 5, 2011) (denying summary judgment where defendant called plaintiff approximately 80 times in a one-year period); with Branco v. Credit Collection Servs. Inc., No. CIV. S–10–1242 FCD/EFB, 2011 WL 3684503, at *7 (E.D. Cal. Aug. 23, 2011) ("[H]ere, fourteen calls over a period of four months, where the majority of the calls were placed approximately once every seven days is not sufficient to establish that 'the natural consequence' of defendant's calls was to 'harass, oppress or abuse' plaintiff."). In this regard, simply alleging

that the defendant called plaintiffs on "numerous occasions," provides the court with no basis from which to evaluate defendant's alleged volume and pattern of calls.

Moreover, 15 U.S.C. § 1692g provides that where a consumer disputes a debt, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . ." In this regard, "[i]f the consumer disputes the debt, collection activity must cease until verification of the disputed information is mailed to the consumer." Newman v. Checkrite California, Inc., 912 F. Supp. 1354, 1381 (E.D. Cal. 1995). Plaintiffs' amended complaint, however, fails to allege any facts establishing that the defendant violated 15 U.S.C. § 1692g. Instead, plaintiffs' amended complaint simply alleges in a vague and conclusory manner that defendants "continue[] to make attempts at collection . . . ." (Am. Compl. (Dkt. No. 20) at 8.)

In this regard, as was true of plaintiffs' original complaint, plaintiffs' amended complaint fails to provide any factual allegations explaining precisely when or how defendant attempted collection of the alleged debt after receiving plaintiffs' validation request. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Therefore, defendant's motion to dismiss the amended complaint's FDCPA claim is granted.

**II.    TCPA**

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012);

8

1  see also Thomas v. Dun & Bradstreet Credibility Corp., 100 F.Supp.3d 937, 941 (C.D. Cal. 2015)
2  ("To state a claim under the TCPA, Plaintiff must allege all three of the following: (1) Defendant
3  called Plaintiff's cellular telephone; (2) Defendant used an ATDS; and (3) Plaintiff did not give
4  prior express consent to the calls at issue.").

5  Here, plaintiffs' amended complaint fails to allege any of these elements. Instead,
6  plaintiffs' amended complaint alleges simply that the defendant "called numerous phones owned
7  by Plaintiffs." (Am. Compl. (Dkt. No. 20) at 10.) Accordingly, defendant's motion to dismiss
8  the amended complaint's TCPA claim is granted.

9                                LEAVE TO AMEND

10  The undersigned has carefully considered whether plaintiffs could further amend their
11  complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to
12  amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
13  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake
14  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that
15  while leave to amend shall be freely given, the court does not have to allow futile amendments).
16  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be
17  dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in
18  support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221,
19  1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.
20  Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to
21  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
22  cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.
23  1988)).

24  Here, although the court is troubled by plaintiffs' failure to successfully amend their
25  original complaint, the undersigned cannot yet say that it appears beyond doubt that granting
26  further leave to amend would be futile. Plaintiffs, therefore, are granted leave to file a second
27  amended complaint. Plaintiffs are cautioned, however, that if they elect to file a second amended
28  complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any second amended complaint plaintiffs may elect to file, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiffs are cautioned that any second amended complaint which plaintiffs may elect to file *must* also include concise but complete *factual allegations* describing the conduct and events which underlie plaintiffs' claims.

## CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendant's January 25, 2016 motion to dismiss (Dkt. No. 21) is granted;

2. Plaintiffs' January 7, 2016 amended complaint (Dkt. No. 20) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[5] The amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."; and

////

////

---

[5] Alternatively, if plaintiffs no longer wish to pursue this action they may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

10

1        4. Failure to comply with this order in a timely manner may result in a
2   recommendation that this action be dismissed.
3   Dated:  August 2, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

\perez1708.mtd2.ord.docx